UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TIMOTHY CEASAR,

    Petitioner,

v.
                                      Case No: 2:17-cv-308-FtM-38MRM
                                      Case No: 2:15-cr-96-FtM-38MRM

UNITED STATES OF AMERICA,

    Respondent.
_____/

## **OPINION AND ORDER**[1]

Pending before the Court is Petitioner Timothy Rasheed Ceasar's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody (Doc. 1; Cr-Doc. 58)[2] and Memorandum of Law in Support (Doc. 2; Cr-Doc. 59). The United States opposes Ceasar's motion. (Doc. 8). The Court gave Cesar an opportunity to file a reply (Doc. 9), but he failed to do so. Because Ceasar is not entitled to any relief under § 2255, the Court denies his motion.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] The Court refers to filings in this civil action as "Doc." and to filings in the underlying criminal docket, No. 2:15-cr-96-FtM-38MRM, as "Cr-Doc."

## BACKGROUND

In August 2015, a federal grand jury indicted Ceasar for possessing a firearm and ammunition as a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Cr-Doc. 1). He pled guilty under a written plea agreement while represented by counsel, Thomas DeMine, III. (Cr-Doc. 35; Cr-Doc. 36). The Court accepted Ceasar's plea and set sentencing for June 15, 2016. (Cr-Doc. 37; Cr-Doc. 38).

The United States Probation Office prepared a presentence investigation report ("PSR"). (Cr-Doc. 51). Ceasar's base offense level was 20 as he committed the firearm offense *after* being convicted of a "controlled substance offense." (Cr-Doc. 51 at ¶ 27). The base offense level was increased twice by four levels because (1) the firearm had an obliterated and unidentifiable serial number; and (2) Ceasar possessed the firearm in connection with another felony. (Cr-Doc. 51 at ¶¶ 29-30). After a three-level reduction for acceptance of responsibility, Ceasar's total offense level was 25, and his criminal history category was V. This resulted in an advisory guidelines' range of 100 to 120 months' imprisonment. (Cr-Doc. 57). The Court varied below the range and sentenced Ceasar to eighty-four months of imprisonment and thirty-six months of supervised release. (Cr-Doc. 56; Cr-Doc. 57 at 2). Ceasar did not file a direct appeal, but he is now seeking to collaterally attack his conviction and sentence under § 2255. (Doc. 2 at 1).

Liberally construing Ceasar's § 2255 motion and memorandum of law, he moves to vacate his sentence on four grounds. (Doc. 1 at 6-8). Three of the four are ineffective assistance of counsel claims. He argues that his counsel was ineffective for (1) not objecting to the Court using his prior drug conviction to calculate his base offense level; (2) not objecting to the four-level enhancement for possessing the firearm in connection

with another felony; and (3) not filing a direct appeal when told to do so. Ceasar's other claim is that his prior conviction for sale and delivery of cocaine in violation of Florida Statute § 893.13(1)(a)(1) is not a "controlled substance offense" under the guidelines. Ceasar did not waive his right to collaterally attack his sentence in this plea agreement. (Doc. 8 at 6).

## LEGAL STANDARDS

### A. 28 U.S.C. § 2255

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence imposed is in violation of the Constitution . . . or is otherwise subject to attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255. If a court finds a claim under § 2255 to be valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id.* To obtain this relief on collateral review, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *See United States v. Frady*, 456 U.S. 152, 166 (1982) (rejecting the plain error standard as not sufficiently deferential to a final judgment). Ceasar has not cleared this hurdle.

### B. Evidentiary hearing

A district court must hold an evidentiary hearing on a motion to vacate "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b). "The prisoner is entitled to an evidentiary hearing if he alleges facts that, if true, would entitled him to relief." *Shaw v. United States,*

3

-- F. App'x -- 2018 WL 1603438, at *1 (11th Cir. Apr. 5, 2018) (citation omitted); *see also* *Aron v. United States*, 291 F.3d 708, 715 n.6 (11th Cir. 2002) (stating "[i]f the [petitioner's] allegations are not affirmatively contradicted by the record and the claims not patently frivolous, the district court is required to hold an evidentiary hearing"). A hearing is not required, however, "if a petitioner's claims 'are merely conclusory allegations unsupported by specifics, or if the record refutes the applicant's factual allegations or otherwise precludes habeas relief.'" *Carver v. United States*, -- F. App'x -- 2018 WL 388620, at *3 (11th Cir. Jan. 12, 2018) (citing *Allen v. Sec'y, Fla. Dep't of Corr.*, 611 F.3d 740, 745 (11th Cir. 2010)).

As to be discussed, Ceasar has alleged no facts that entitle him to relief under § 2255. He makes unsupported allegations of ineffective assistance of counsel that the record conclusively refutes. *See Shaw*, 2018 WL 1603438, at *1 (stating a court need not hold a hearing "if the allegations are patently frivolous, based upon unsupported generalizations, or affirmatively contradicted by the record"). The Court thus need not hold an evidentiary hearing.

**C. Timeliness**

Pertinent here, a petitioner has one year from "the date on which judgment of conviction becomes final" to file a motion under § 2255. 28 U.S.C. § 2255(f)(1). Ceasar filed this motion on June 7, 2017, which was within one year of his conviction being final. (Doc. 1 at 11). The Government concedes that Ceasar's motion is timely. (Doc. 8 at 4). The Court finds so too.

4

# INEFFECTIVE ASSISTANCE OF COUNSEL

The Sixth Amendment to the United States Constitution guarantees criminal defendants the right to effective assistance of counsel. To prevail on a claim of ineffective assistance of counsel, the petitioner must show that (1) his counsel's performance was deficient; and (2) he suffered prejudice because of the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). These two elements are commonly referred to as the performance and prejudice prongs, respectively. *See Rojas-Sanchez v. United States*, No. 6:10-cv-991-ORL-19KRS, 2010 WL 4983667, at *3 (M.D. Fla. Dec. 2, 2010) (citation omitted). If a petitioner fails to show either prong, the court need not address the other. *See Strickland*, 466 U.S. at 687. Pertinent here, the *Strickland* test also applies "to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart,* 474 U.S. 52, 58 (1985); *cf. Downs-Morgan v. United States*, 765 F.2d 1534, 1539 (11th Cir. 1985) (stating a petitioner must "prove serious derelictions on the part of counsel sufficient to show that his plea was not, after all, a knowing and intelligent act" to be entitled to collateral relief (internal quotes omitted)).

For *Strickland*'s performance prong, the petitioner must show "that counsel's representation fell below an objective standard of reasonableness." 466 U.S. at 688. This means the petitioner "must establish that no competent counsel would have taken the action that his counsel did take." *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (footnoted omitted); *Scott v. United States,* 325 F. App'x 822, 824 (11th Cir. 2009) (stating the petitioner must show "he received advice from counsel that was not within the range of competence demanded of attorneys in criminal cases").

Because there is a "strong presumption in favor of competence," the petitioner bears a heavy burden of persuasion. *Chandler*, 218 F.3d at 1315 (footnote omitted). A court's review of counsel's performance is "highly deferential," and courts "must avoid second-guessing counsel's performance." *Id.* at 1314 (citations and footnote omitted). Judicial scrutiny of counsel's performance focuses on what was "constitutionally compelled" and "not what [wa]s possible or what [wa]s prudent or appropriate." *Id.* at 1313 (citation and footnote omitted). And, for petitioners like Ceasar who pleaded guilty, the Eleventh Circuit has stated the following about the performance prong:

> counsel owes a lesser duty to a client who pleads guilty than to one who decides to go to trial, and in the former case counsel need only provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between accepting the prosecution's offer and going to trial. . . To impart such an understanding to the accused, counsel must, after making an independent examination of the facts, circumstances, pleadings and laws involved, offer his informed opinion as to the best course to be followed in protecting the interests of his client.

*Wofford v. Wainwright*, 748 F.2d 1505, 1508 (11th Cir. 1984) (citation omitted); *see also* S*tano v. Dugger*, 921 F.2d 1125, 1151 (11th Cir. 1991).

Turning to *Strickland*'s prejudice prong, the petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59; *see also Lee v. United States*, 137 S.Ct. 1958, 1965 (2017). A reasonable probability is a sufficient likelihood to undermine confidence in the result. *Rolling v. Crosby*, 438 F.3d 1296, 1300 (11th Cir. 2006). But it is not enough for a petitioner to show counsel's error had some conceivable effect on the proceeding's outcome. *See Evans v. Sec'y, Dep't of Corr.*, 703 F.3d 1316,

1327 (11th Cir. 2013) (stating the likelihood of a different result must be substantial, not just conceivable); *see also Lee*, 137 S.Ct. at 1966-67 (warning that "[c]ourts should not upset a [guilty] plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies").

## GROUNDS FOR RELIEF

As stated, Ceasar moves to vacate his sentence on four grounds – none of which is persuasive. (Doc. 1 at 6-8). The Court addresses each in turn.

**A. Ground One**

Ceasar argues that his base offense level should have been 14, and not 20, and that counsel unreasonably failed to object to the incorrect calculation. The guideline for Ceasar's firearm and ammunition offense is U.S.S.G. § 2K2.1. It provides a base level offense of 20 if a defendant committed any part of the charged offense after sustaining a felony conviction for a "controlled substance offense." U.S.S.G. § 2K2.1(a)(4)(A). The PSR provides that Ceasar was previously convicted of trafficking illegal drugs in violation of Fla. Stat. § 893.135. (Cr-Doc. 51 at ¶¶ 27, 46). According to Ceasar, however, that conviction does not qualify as a "controlled substance offense" under the Guidelines. Ceasar thus asks the Court to vacate his sentence and resentence him using a properly calculated guidelines score. (Doc. 2 at 4).

The Government responds that Ceasar's trafficking charge was reduced to sale/delivery of cocaine in violation of Fla. Stat. § 893.13(1)(A)(1), and that conviction qualifies as a controlled substance offense.[3] (Doc. 8 at 8; Doc. 8-1); *see also* Fla. Stat.

---

[3] According to the judgment dated January 7, 2011, Ceasar entered a plea of nolo contendre to two felony crimes: (1) sale/delivery in illegal drugs in violation of Fla. Stat.

7

§ 893.13(1)(a)(1) (providing that "a person may not sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance"). The Government's response corresponds with counsel's clarification on the trafficking charge at the sentencing hearing:

> The Court: Mr. DeMine, anything else?
>
> Mr. DeMine: If I can respond briefly to just a few things, Your Honor. This is on page 11 [or ¶ 46] of the PSR, that the trafficking – probation can confirm because the PSR does indicate he was convicted of Count 1, but that was a reduced charge. They did reduce the charge from trafficking to sale or delivery of controlled substance.

(Cr-Doc. 60 at 20:16-23).

Ceasar has met neither *Strickland* prong. To start, Ceasar does not dispute that he has been convicted of sale and delivery of cocaine in violation of Fla. Stat. § 893.13(1)(a)(1). And this conviction qualifies as a "controlled substance offense" under the Guidelines. See *United States v. Smith*, 775 F.3d 1262, 1267 (11th Cir. 2014). His base offense level of 20 was thus properly calculated, and any objection would have been overruled. For this same reason, Ceasar cannot show prejudice from his counsel's inaction. The Court is also hard-pressed to find counsel performed below an objective standard of reasonableness and outside the wide range of professionally competent assistance when he was candid with the Court about his client being convicted of sale/delivery of cocaine, which did not affect his guidelines' calculation. Consequently, because Ceasar has not shown that his counsel performed deficiently and/or that he was prejudiced as a result, the Court denies his § 2255 motion on Ground One.

---

§ 893.13 1A1; and (2) possession of controlled substance in violation of Fla. Stat. § 893.13 6A. (Doc. 8-1).

**B. Ground Two**

In conjunction with the above ineffective assistance of counsel claim, Ceasar argues that "NO charge under either Florida Statute § 893.135 or § 893.12" qualify as controlled substance offenses to warrant a base offense level of 20. (Doc. 2 at 5-8). He thus contends the Court should overturn existing case law and resentence him using the correct base offense level. (Doc. 2 at 8).

Section 2K2.1 gives the term "controlled substance offense" the same meaning as § 4B1.2(b) gives it: "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b). "[T]he definition of 'controlled substance' in § 4B1.2 requires only that the predicate offense prohibit certain drug-related activities." *United States v. Pridgeon*, 853 F.3d 1192, 1198 (11th Cir. 2017) (citing *Smith*, 775 F.3d at 1267).

In arguing Ground Two, Ceasar acknowledges the Government "will no doubt" claim that his sale/delivery of cocaine conviction qualifies as an offense under the Eleventh Circuit's decision in *Smith*. (Doc. 2 at 6). In *Smith*, the court held that a prior conviction under § 893.13(1) is a "controlled substance offense" for U.S.S.G. § 4B1.2(b) even though it lacks an element of *mens rea*. 775 F.3d at 1267-68. This holding forecloses Ceasar's current challenge to the classification of his Fla. Stat. § 893.13 conviction.

To avoid this outcome, Cesar maintains that *Mathis v. United States*, 136 S. Ct. 2243 (2016) and *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016) dictate a different

outcome. (Doc. 2 at 8). He also argues the Court should overturn *Smith*. (Doc. 2 at 6). But Ceasar's reliance on those cases is a nonstarter. This Court has already found that "[n]othing in *Mathis* or *Hinkle* suggests that the sale of cocaine under Florida Statute § 893.13 is no longer a serious drug offense under § 4B1.2." *Alterma v. United States*, No. 2:16-CV-450-FTM-38CM, 2017 WL 3537527, at *3 (M.D. Fla. Aug. 17, 2017); *see also Pridgeon*, 853 F.3d at 1198 (concluding the defendant's convictions under § 893.13 "qualify as predicate 'controlled substance offenses' for purposes of the career offender enhancement"); *United States v. Hill*, 652 F. App'x 835, 836 (11th Cir. 2016) (stating the sale of cocaine qualifies as a predicate controlled substance offense for career offender status). The Court is bound to follow *Smith* and find that Ceasar's guidelines' range was properly calculated. *See generally United States v. Scott*, 703 F. App'x 924, 926 (11th Cir. 2017) (finding the defendant's conviction "under Fla. Stat. § 893.13 is a controlled-substance offense under the Sentencing Guidelines" and "*Smith*'s holding remains binding because it has not been overruled or undermined to the point of abrogation" (citation omitted)). The Court thus denies Ceasar's § 2255 motion on Ground Two.

**C. Ground Three**

Ceasar next contends that counsel was ineffective in failing to object to the four-level sentencing enhancement for possessing a firearm in connection with another felony. (Doc. 1 at 8; Doc. 2 at 10; Cr-Doc. 51 at ¶ 30). This enhancement applies where a defendant "used or possessed any firearm or ammunition in connection with another felony offense[.]" U.S.S.G. § 2K2.1(b)(6)(B). And the phrase "in connection with" means "the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense or another offense, respectively." *Id.* § 2K2.1 cmt. n.14(A). The Eleventh Circuit

gives an "expansive interpretation" to the phrase "in connection with." *United States v. Johnson*, 470 F. App'x 740, 742 (11th Cir. 2012) (citation omitted).

Ceasar has met neither *Strickland* prong because the record shows that his firearm possession had the potential to facilitate several offenses. According to Ceasar's plea agreement, he pointed the loaded firearm at the arresting officer:

> On June 19, 2015, at 12:27 am, Charlotte County Sheriff's Office (CCSO) officers encountered [Ceasar] in Punta Gorda, Florida. . . After initiating the [traffic] stop, the CCSO officer asked for and received consent to search [Ceasar's] bag. During the search, a second CCSO officer arrived on the scene. After searching the defendant's bag, the CCSO Officer requested consent to search [Ceasar's] person. [Ceasar] remained quiet, got to his feet from where he was sitting on the pavement, and took off running. The two CCSO officers chased [him] and commanded [him] several times to stop. . .
>
> The chase proceeded for a brief time. . . [T]he defendant ran into a garbage can causing him to stumble. . . As one of the CCSO officers approached [Ceasar], the CCSO officer observed [him] bent over with one hand on the ground and the other pointing a firearm directly at the CCSO officer. . . . After about 5 seconds, [Ceasar] dropped the gun and held up his hands.

(Cr-Doc. 36 at 12-13; *see also* Cr-Doc. 51 at ¶¶ 8-15). Based on these undisputed facts, the firearm had the potential of facilitating three separate offenses. To start, Ceasar carried the firearm concealed in his waistband when he was not licensed to do so as a convicted felon. (Cr-Doc. 36 at 13; Cr-Doc. 51 at ¶ 30). Under Florida law, "a person who is not licensed under § 790.06 and who carries a concealed firearm on or about his or her person commits a felony of the third degree[.]" Fla. Stat. § 790.01(2). "Of course, without possessing the firearm, it was impossible for [Ceasar] to violate the [Florida] statute, and therefore it is aximotic that [Ceasar's] possession of the firearm facilitated –

11

*i.e.*, promoted, helped forward, made easier — his violation of [Florida] law." *United States v. Long*, 563 F. App'x 498, 500 (8th Cir. 2014). Ceasar also used the firearm in connection with the offense of aggravated assault on a law enforcement officer in violation of Fla. Stat. § 784.07(2c) because he pointed his loaded firearm at the officer for five seconds. For the same reason, he also used/possessed the firearm to resist the officer with violence under Fla. Stat. § 843.01, which is a felony. Because of the overwhelming support for the four-level enhancement, Ceasar has not shown that counsel performed deficiently in failing to object, or that he has been prejudiced by counsel's so-called deficiency. At bottom, Ceasar was subject to the enhancement, and he cannot get around that fact with a collateral attack. The Court thus denies Ceasar's § 2255 motion on Ground Three.

**D. Ground Four**

Cesar's last claim for ineffective assistance of counsel alleges that counsel failed to file a direct appeal when Ceasar told him to do so. (Doc. 2 at 16; Doc. 1 at 8). In response, the Government has filed an affidavit from DeMine in which he attests that (1) he does not have "an independent recollection of whether [Ceasar] directly order[ed] him to file an appeal"; and (2) he would have filed a notice of appeal if asked or would have moved to withdraw as counsel. (Doc. 8-2). He also states that Ceasar "waived his right to appeal in his plea agreement with a few very narrow exceptions" and "there was no substantive merit to an appeal." (Doc. 8-2 at 2-3).

After reviewing DeMine's affidavit, the Court directed Ceasar to file a sworn statement as to whether he still wished to pursue an ineffective assistance of counsel claim for counsel's alleged failure to file a notice of appeal. (Doc. 10). It told him that his

12

sworn statement should state the following information: (1) whether Ceasar accepted or rejected each paragraph in DeMine's affidavit; (2) when and where Ceasar told DeMine to file a notice of appeal; (3) the grounds on which he asked DeMine to raise an appeal; and (4) the identity of any witness, if any, to the conversation(s) between Ceasar and DeMine about filing a notice of appeal. (Doc. 10). The Court advised Ceasar it would assess the need for an evidentiary hearing after receiving his sworn statement. And it warned Ceasar that if he "fail[ed] to timely file the sworn statement, the Court will accept the statements in the attorney's affidavit (Doc. 8-2 at 3) as stipulated and agreed to by Ceasar, and the Court may dismiss his corresponding ineffective assistance of counsel claim." (Doc. 10). Ceasar neither filed a sworn statement nor moved to withdraw Ground Four. Against this backdrop, the Court will assess Ceasar's final ineffective assistance of counsel claim.

When an attorney disregards his client's instructions to appeal, the court presumes the attorney performed deficiently and the defendant was prejudiced. *See Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) ("[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." (citations omitted)). "[E]ven if a client has not made a specific request of his attorney to file an appeal, a court must inquire whether the attorney consulted with the client regarding the advantages and disadvantages of appealing and made a reasonable effort to determine his client's wishes." *Gomez-Diaz v. United States*, 433 F.3d 788, 792 (11th Cir. 2005). "An attorney has this duty when either (1) any rational defendant would want to appeal, or (2) his particular client reasonably demonstrated an interest in appealing." *Id.* (internal citations omitted).

13

Here, the Court gave Ceasar an opportunity to respond to DeMine's affidavit – but he did not. The Court thus finds that DeMine discussed the plea agreement's appellate waiver with Ceasar. (Doc. 8-2 at ¶ 7). He further "explained to Mr. Ceasar that there would be no substantive merit to an appeal." (Doc. 8-2 at ¶ 8). DeMine also answered all Ceasar's questions about the sentencing guidelines prior to his change of plea. (Doc. 8-2 at ¶ 5). Although DeMine does not recall whether Ceasar directly ordered him to file an appeal, Ceasar cannot show prejudice where counsel gave his legal opinion about the success of a potential appeal and would not have proceeded, or withdrawn as counsel, had Ceasar pressed the appeal. (Doc. 8-2 at 2-3). The Court thus denies Ceasar's § 2255 motion on Ground Four without the need for an evidentiary hearing.

Accordingly, it is now

**ORDERED:**

1. Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1; Cr-Doc. 58) is **DENIED**.

2. The Clerk is **DIRECTED** to enter judgement accordingly, terminate any pending motions, and close this case.

3. The Clerk is **DIRECTED** place a copy of this Opinion and Order in the related criminal case file.

**DENIAL OF BOTH CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED**

**IT IS FURTHER ORDERED** that Ceasar is not entitled to a certificate of appealability ("COA"). A prisoner moving under § 2255 has no absolute entitlement to appeal a district court's denial of his motion to vacate. 28 U.S.C. § 2253(c)(1); *Harbison*

*v. Bell*, 556 U.S. 180, 184 (2009). Rather, the court must first issue a COA. Section 2253(c)(2) permits a court to issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To merit a COA, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (citations omitted). Upon review of the record, the Court finds that Ceasar has not made the requisite showing in these circumstances. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). And because he is not entitled to a COA, he is not entitled to appeal *in forma pauperis.*

**DONE** and **ORDERED** in Fort Myers, Florida this 26th day of April 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record